THE STATE OF NEW JERSEY, RESPONDENT, v. SIDNEY S. NORCOTT, PROSECUTOR.

Submitted July 5, 1923—Decided November 21, 1923.

**Motor Vehicles—Driving in Intoxicated Condition—Charge Made Under the Motor Vehicle Act—Disorderly Person Charge—Form of Conviction—Correct Title of Case.**

On *certiorari,* &c.

Before Justices TRENCHARD and PARKER.

For the prosecutor, *Jacob L. Newman* and *Lionel P. Kristeller.*

For the respondent, *James L. McKenna* and *John O. Bigelow.*

PER CURIAM.

This case should not be entitled the State of New Jersey, ex rel. Sidney S. Norcott, v. Recorders' Court of the City of East Orange. The writ is directed to the recorder as the custodian of the record only. The case should be entitled under rule 15, as it was before the recorder, "The State of New Jersey v. Sidney S. Norcott."

Sidney S. Norcott, hereinafter. called the defendant, was convicted by the recorder of the city of East Orange of operating a motor vehicle while under the influence of intoxicating liquor.

The defendant first sought to review the conviction in the Essex Common Pleas, but that court remitted the record to the recorder's court for reasons not appearing in the record, or challenged in this court.

Thereupon this writ of *certiorari* was allowed directed to the recorder's court.

The first ground alleged for reversal. is that the defendant was charged under one law and convicted under another.

By the return to the writ it appears that the defendant was charged and tried under subdivision 3 of section 14 of chapter 208 of laws of 1921 (*Pamph. L., p.* 643), known as the "Motor Vehicle act." The complaint, the legal sufficiency of which is not challenged, charged the operation of motor vehicle while under the influence of intoxicating liquor contrary to subdivision 3 of section 14 of the Motor Vehicle act.

But the defendant contends that he was convicted of being a disorderly person, not of the offense charged in the complaint.

In the return the formal conviction appears. It begins: "State of New Jersey, County of Essex, *ss.:* Be it remembered that on this twelfth day of September, A. D. 1922, at East Orange, in said county, Sidney Norcott, defendant, was by me, Walter C. Ellis, recorder of the city of East Orange, convicted of violating subdivision 3 of section 14 of an act entitled"—quoting the title of the Motor Vehicle act— "in a summary proceeding at the suit of the State of New Jersey, by George Gilman, prosecutor." After reciting the evidence in full the conviction concludes: "Wherefore I, the said Walter C. Ellis, do find that the said defendant did, at the time and place charged in the complaint filed in this cause, operate a motor vehicle upon a public street in the city of East Orange while under the influence of intoxicating liquor and do adjudge him to be a disorderly person (operate or permit, as the case may be, follow the language of statute) in violation of subdivision 3 of section 14 of said act, and therefore convict said Sidney Norcott of a violation thereof; and order that the said Sidney Norcott be and he hereby is committed to the common jail of the county of Essex for a period of thirty days."

It will be seen, therefore, that the defendant was convicted of operating a motor vehicle upon a public highway while under the influence of intoxicating liquor in violation of subdivision 3 of section 14 of the Motor Vehicle act.

The words in parenthesis are directions on a printed form used by the recorder. The clause "do adjudge him to be a disorderly person" may be disregarded as surplusage, just as the parenthetical directions should be. It does not detract from or modify the conviction.

The defendant next contends that the recorder should have filed, but did not file, the record of conviction in the Common Pleas Court within ten days after the appeal was taken. But the state of the case does not disclose any *facts* to support this argument.

The last reason urged is that the conviction is not sealed and that the word *recorder* is not added to the signature of the recorder. But no authority is cited that either the seal or the addition to the signature is essential to the validity of the conviction. The body of the conviction states that the defendant was convicted "by me, Walter C. Ellis, recorder of the city of East Orange."

The conviction will be affirmed, with costs.